**NEWPORT TRIAL GROUP**
Victoria C. Knowles, Bar No. 277231
 vknowles@trialnewport.com
4100 Newport Place Dr., Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff
CHERYL THURSTON

**KLINEDINST PC**
Greg A. Garbacz, Bar No. 167007
Nadia P. Bermudez, Bar No. 216555
Patrick J. Goode, II, Bar No. 299697
501 West Broadway, Suite 600
San Diego, CA  92101
Telephone: 619.239.8131

Attorneys for Defendant
EVANS HOTELS CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL THURSTON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>EVANS HOTELS CORPORATION, a California corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. 5:16−cv−00973−AG−KK<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT**<br><br>Date: July 25, 2016<br>Time: 9:00 a.m.<br>Ctrm: 10D<br><br>Hon. Andrew J. Guilford |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Cheryl Thurston ("Plaintiff") and Defendant Evans Hotels Corporation ("Defendant") (collectively with Plaintiff, the "Parties") jointly submit the following Report and Discovery Plan.

**Initial Disclosures**: Initial disclosures have not yet been made. The parties anticipate making the disclosures required by Rule 26(a)(1) on or before August 15, 2016.

**Preservation of Discoverable Information**: The Parties do not currently anticipate any disputes about disclosure, discovery, or preservation of electronically stored information ("ESI"), other than what is set forth herein. The main items to be produced include Plaintiff's web history as it relates to Defendant's website, lodgetorreypines.com, Plaintiff's visits thereto and use thereof, and Defendant's website design and accessibility features (if any).

Defendant's website and internet presence is highly important and integral to its business operations, and those of its affiliated companies. Defendant reserves the right to make changes to its website for business reasons including the right to make changes that may address accessibility of its website.

The Parties have agreed to preserve this ESI.

**Subjects on Which Discovery May Be Needed**: The parties anticipate the need for discovery on the following general subjects and additional subjects revealed in discovery:

For Plaintiff and Defendant:

    a)    The facts underlying Plaintiff's claim that Defendant failed to make its website accessible and the various allegations of fact in the Complaint.

    b)    The facts underlying Plaintiff's claims for economic and non-economic damages.

    c)    The facts underlying Plaintiff's disability.

    d)    The facts underlying Plaintiff's visits to Defendant's website.

   e) The facts underlying accessibility of Defendant's website, and any affirmative defenses alleged.

 For Plaintiff:

   f) Defendant's operation of places of public accommodation.

   g) Defendant's ownership of the website at issue.

   h) Defendant's maintenance of the website.

   i) Defendant's design of the website.

   j) Training provided by Defendant on web design and accessibility for disabled users of the website.

   k) Complaints about the website's accessibility to the visually impaired.

   l) Government investigations of the website.

   m) Any auxiliary aids and services that Defendant provides to ensure effective communication with visually-impaired users who seek to use the website.

 For Defendant:

   n) Plaintiff's prior claims and lawsuits regarding similar complaints.

   o) Plaintiff's alleged injuries and damages related to prior claims and lawsuits regarding similar complaints.

   p) Plaintiff's prior patronage of any of Defendant's businesses and/or related businesses.

   q) Plaintiff's complaints to Defendant, if any.

   r) Plaintiff's use of any of Defendant's available auxiliary aids.

 **<u>Discovery Plan and Schedule</u>**: The Parties propose the following discovery plan:

   a) There is no need for a change in the form or requirements of Rule 26(a) disclosures, except that the Parties jointly agree that they will be made on August 15, 2016.

   b) The Parties believe that there is no need to conduct discovery in

phases.

      c)     Except as otherwise set forth herein, the Parties propose that all written discovery, party and non-party, and fact witness depositions, party and non-party, shall be completed no later than December 31, 2016.

      d)     The Parties propose that reports from retained experts, if any, shall be served no later than January 13, 2017. The Parties propose that said person(s) shall be deposed no later than March 15, 2017. The Parties propose that reports of retained experts, if any, by any party responding to an expert report shall be served on no later than February 15, 2017. The Parties propose that said person(s) shall be deposed no later than March 30, 2017. The Parties propose expert discovery will be completed on March 30, 2017.

      e)     The Parties do not presently propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule, without prejudice to their rights to seek such changes later either by stipulation or court order.

      f)     The Parties will take adequate steps to preserve discoverable information.

      g)     The Parties do not currently anticipate any disputes about claims of privilege or of protection as trial-preparation materials, but will address them as they arise. The Parties have not currently agreed to a procedure to assert privilege claims after production.

**Anticipated Dispositive Motions and Schedule**: The Parties anticipate potential filing of dispositive motions, depending on what is revealed in discovery. The Parties propose that all dispositive motions shall be filed no later than January 13, 2017.

The Parties further propose that any oppositions shall be filed within 21 days of the date the motions are filed. Any replies shall be filed within 14 days of the date the oppositions are filed. The hearing on case dispositive motions will be set for 10

days after the date the replies are due to be filed or as soon as thereafter as practicable for the Court. The Parties propose that the hearing date be set no later than March 15, 2017.

**Not A Complex Case**: This case is not complex. The procedures of the Manual for Complex Litigation need not be utilized.

**The possibilities for prompt settlement/ADR**: The Parties have begun to discuss early settlement prior to expending resources on discovery and have made substantial progress towards resolution. Pursuant to Local Rule 16-15.4, the parties are willing to engage in ADR PROCEDURE NO. 2 - The parties shall appear before a neutral selected from the Court's Mediation Panel. The parties agree to do so on or before November 4, 2016.

**Trial Estimate**: The parties estimate that trial in this matter will take 3 to 5 days and propose a trial date in May 2017 based on the availability of the Court's calendar.

**Additional Parties**: The parties do not currently anticipate any additional parties will be added.

DATED: July 13, 2016　　　　　　NEWPORT TRIAL GROUP

By: /s/ Victoria C. Knowles
　　Victoria C. Knowles
　　Attorneys for Plaintiff
　　CHERYL THURSTON

DATED: July 13, 2016　　　　　　KLINEDINST PC

By: /s/ Nadia P. Bermudez
　　Nadia P. Bermudez
　　Attorneys for Defendant
　　EVANS HOTELS CORPORATION

I, Victoria C. Knowles, hereby certify that the content of this document is acceptable to all persons required to sign this document and that I obtained the

4

*authorizations necessary for the electronic signatures of all parties for this document.*

                                         */s/ Victoria C. Knowles*
                                         Victoria C. Knowles

**CERTIFICATE OF SERVICE**

I hereby certify that on July 15, 2016, I electronically filed the foregoing **FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

／s/ Victoria C. Knowles
Victoria C. Knowles